THE BANK OF ELMORE CO., APPELLEE, *v.* DAMSCHRODER, APPELLANT.

(No. 389—Decided October 20, 1941.)

*Messrs, Graves & Moon,* for appellee.
*Mr. Lionel Levy,* for appellant.

CARPENTER, J.   In its petition the plaintiff, appellee herein, The Bank of Elmore Company, alleged that it was the owner of a crop of wheat growing on a certain farm; that it had the right to enter and harvest it; that defendant, appellant herein, Frederick Arthur Damschroder, threatened to harvest and take it and would do so unless enjoined; and that he had no property from which plaintiff could recover its damages resulting therefrom, hence, the damages would be irreparable.   It asked a temporary injunction, which was ordered, and a permanent one.   The answer denied

that plaintiff was the owner of the wheat and alleged that defendant owned it, and prayed that the title be granted to him with the sole right to harvest it.

At the opening of the trial, defendant, claiming the action was one for recovery of specific personal property, demanded a jury trial under the provisions of Section 11379, General Code. The trial court held the cause one for an injunction and therefore in equity, and proceeded to hear and dispose of it as such. It made the injunction permanent and adjudged that "defendant has no right, claim or interest in or to the wheat."

The finding for plaintiff with final judgment thereon was entered May 13, 1941, and the same day a motion for a new trial was filed. May 29, 1941, that motion was overruled and that entry, following the overruling of the motion in the same language as in the one of May 13th, contained the same judgment.

May 31, 1941, defendant filed his notice of appeal on questions of law "from a judgment rendered * * * in this cause on the 29th day of May, 1941, in favor of the * * * plaintiff."

The plaintiff moved this court to dismiss the appeal for the reason that it was not taken from the judgment entered May 13th but from "the judgment of the lower court overruling the motion for a new trial rendered the 29th day of May, 1941," which was not a final order.

In support of its motion, the plaintiff claims that the cause was equitable, and, under the Ohio practice, the court properly entered its judgment May 13th in the same entry in which it found the issues of fact, and that the attempted judgment of May 29th was surplusage and a nullity and that the appeal therefrom was likewise a nullity and should be dismissed.

The defendant contends that the issue was the title to the wheat, a legal one, and was triable to a jury,

and, as such, the judgment could not be entered until the motion for a new trial had been overruled. Section 11599, General Code, also applies when such trial has been had to the court. *Boedker* v. *Richards Co.*, 124 Ohio St., 12, 18, 176 N. E., 660. Hence the attempted judgment of May 13th was a nullity.

The chief assignment of error is the refusal to grant a jury trial. If the defendant is right in this and the action was legal, his contention as to the time of entering judgment is correct and he could not consistently appeal from the May 13th judgment, nor can he now consistently ask to amend his notice of appeal to change the judgment date.

In view of this peculiar situation and the liberal attitude the Supreme Court has taken in sustaining appeals under present procedure (*Couk* v. *Ocean Accident & Guarantee Corp.*, 138 Ohio St., 110, 116, 33 N. E. [2d], 9; *Mosey* v. *Hiestand, Trustee*, 138 Ohio St., 249, 34 N. E. [2d], 210), this court has concluded to overrule the motion to dismiss the appeal. The notice took the appeal from "a judgment" and there was but one judgment in the case. Under the circumstances, the plaintiff was not misled or prejudiced by the date assigned in the notice. "Manifestly, the purpose of such a notice is to apprise the opposite party of the taking of an appeal." *Capital Loan & Savings Co.* v. *Biery*, 134 Ohio St., 333, 339, 16 N. E. (2d), 450.

Arising as the issues did, was this cause legal or equitable? The defendant contends that the only issue was the title to the wheat crop. The plaintiff had possession of the property and claimed ownership of it, the relief it sought was to prevent the defendant from invading its rights. To obtain an injunction, it not only had to establish its title, but also that damage was threatened to its property and that it had no adequate remedy at law for the threatened tort. The

situation would be different if the defendant were the plaintiff. His action would have been in replevin to recover the property he claimed, squarely within Section 11379, General Code. Plaintiff did not seek ''recovery'' of the property—it had it; it only sought to protect its rights in it. In this respect this case differs from *Raymond* v. *Toledo, St. L. & K. C. Rd. Co.*, 57 Ohio St., 271, 48 N. E., 1093, where the plaintiff was ''out of possession'' of the property sought.

A similar situation to this is presented in an action to quiet title which can only be brought by one in possession. In such actions, the plaintiff seeks only to protect what he has against some threat or cloud, and if his title is denied, his ownership may be the chief issue, but that would not change the equitable character of the action. As in this case, if the defendant in an action to quiet title were to be the plaintiff, being out of possession, his remedy would be to recover the property, that is, to eject the one in possession of it— an action at law.

In a partition action, denial of plaintiff's title does not oust the equitable jurisdiction of the court. *Perry* v. *Richardson,* 27 Ohio St., 110; *Hogg* v. *Beerman,* 41 Ohio St., 81, 52 Am. Rep., 71.

Had the question of title to the wheat been decided by a jury in favor of the plaintiff, the appropriate judgment could not have been entered on the verdict. Before a permanent injunction could be ordered, the plaintiff had to prove that defendant was threatening to take its property, and that it had no adequate legal remedy should he do so. The permanent injunction was the primary relief plaintiff sought, it was not ancillary to some other relief. Such being the case, the cause was addressed to the equitable side of the court.

When a court of equity acquires jurisdiction of a cause it will retain it until it is completely disposed

of, even though the determination of legal issues may be involved. 16 Ohio Jurisprudence, 88, Section 34; *Hull* v. *Bell Bros. & Co.,* 54 Ohio St., 228, 239, 43 N. E., 584; *K-W Ignition Co.* v. *Unit Coil Co.,* 93 Ohio St., 128, 142, 112 N. E., 199.

This cause as made by the pleadings being equitable, the trial court did not err in refusing the request for a jury trial. The judgment is not contrary to law or against the weight of the evidence and is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.