JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Angela Blount-White and William White, appeal the decision of the trial court, which granted summary judgment in favor of the appellees, Ken Pund and Brenda Pund. After a thorough review of the arguments and for the reasons set forth below, we affirm the findings of the trial court.
 {¶ 2} The events that gave rise to the present case occurred on May 9, 2002, when Angela Blount-White was returning home after work. As she was entering her home, her foot caught in a gap in a riser on the stairs leading into the house, causing her to fall backwards from the stairs onto the sidewalk below, sustaining injuries. At the time of the incident, the appellants were leasing the property from the appellees and lived there with their three minor children.
 {¶ 3} On May 3, 2004, the appellants filed a complaint against the appellees for personal injuries resulting from the incident that occurred on the appellees' property. In the complaint, Angela Blount-White sought damages for her personal injuries, and William White asserted a loss of consortium claim. On December 23, 2004, after filing a response to the appellants' complaint, the appellees filed a motion for summary judgment. On January 10, 2005, the appellants filed a brief in opposition, and on February 9, 2005, the trial court granted the appellees' motion for summary judgment.
 {¶ 4} The appellants now bring this appeal asserting one assignment of error for our review.
 {¶ 5} "I. The trial court erred in granting defendant's motion for summary judgment."
 {¶ 6} The appellants specifically assert that a landlord has an affirmative duty to monitor property leased by tenants and to keep that property in a fit and habitable condition. They argue that the appellees, as landlords, failed to uphold this duty and, because of their failure, the trial court should not have granted summary judgment in their favor.
 {¶ 7} "Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 433 N.E.2d 615;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,364 N.E.2d 267. In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) a defendant owed a duty of care; (2) the defendant breached this duty; and (3) the breach was the proximate cause of plaintiffs injury causing damage." Trexler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271.
 {¶ 8} It is well settled law in Ohio that a plaintiff in a negligence action must satisfy each of the above requirements in order to properly assert its case and overcome a motion for summary judgment. The appellants here argue that they made an adequate showing that the appellees owed them a duty, breached that duty and, as a result of the breach, the appellants sustained damages. After a careful review of the record and relevant case law, we cannot agree with their contentions.
 {¶ 9} In order to establish that a landlord breached a duty to a tenant and is responsible for damages resulting from that breach, the injured tenant must show that the landlord had knowledge of the defective condition which lead to the tenant's injury. During depositions, the appellants did not present any evidence showing that the appellees knew or should have known that the stairs leading into the appellants' home were in a defective condition.
 {¶ 10} According to Schroades v. Rental Homes Inc. (1981), 68 Ohio St.2d 20, 26, a landlord is only liable for injuries sustained on rented residential property that are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04. R.C. 5321.04 outlines the duties a landlord must uphold to a tenant:
 {¶ 11} "(A) A landlord who is a party to a rental agreement shall do all of the following:
 {¶ 12} "(1) Comply with the requirements of all applicable building, housing, health and safety codes that materially effect health and safety.
 {¶ 13} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition.
 {¶ 14} "(3) Keep all common areas of the premises in a safe and sanitary condition."
 {¶ 15} Not only does Schroades require that a landlord act in accordance with R.C. 5321.04, but it also dictates the responsibilities of landlords with respect to defective conditions on rental properties:
 {¶ 16} "It must be shown that the landlord received notice of the defective condition of the premises, that the landlord knew of the defect, or that the tenant made reasonable, but unsuccessful attempts to notify the landlord." Schroades, supra at 25-26.
 {¶ 17} In their depositions, the appellees testified that they were unaware of any defects in the stairs leading into the appellants' home. They further testified that they had personally inspected the residence prior to the appellants moving in. In addition, they also had the property inspected by the city of Bedford, where the property is located. The record indicates that neither inspection revealed any problems with the stairs. The appellees also argued that they were never notified of any defects in the stairs, giving them no reason to believe there were any problems.
 {¶ 18} During her deposition, when Angela Blount-White was cross-examined by the appellees' attorney, she acknowledged that the appellees were unaware of the defective condition of the stairs. During her cross examination, the following exchange occurred:
 {¶ 19} "Q: All right. Now as far as the front steps, had you ever complained to my clients [the appellees] at all about the condition of those front steps?
 {¶ 20} "A: Never.
 {¶ 21} "Q: Okay.
 {¶ 22} "A: It was in the riser, so.
 {¶ 23} "Q: Well, had you ever complained at all about the condition of the riser or the steps or anything at all prior to your fall?
 {¶ 24} "A: No."
 {¶ 25} It is clear from the deposition transcript, as well as from the arguments of the parties, that the appellees did not have personal knowledge of the defective condition of the stairs and had never been informed about the defect by the appellants. As stated above, in order for a landlord to breach its duty to a tenant, the landlord must have knowledge of the defective condition, or the tenant must inform the landlord of the defective condition. In this case, it is apparent that neither prong of the test was satisfied and, as a result, the appellees did not breach their duty to the appellants.
 {¶ 26} Likewise, the appellants' loss of consortium claim can no longer advance. This court held in Piciorea v. GenesisInsurance Co., Cuyahoga App. No. 82097, 2003-Ohio-3955, that a loss of consortium claim is no longer viable when a spouse is not entitled to recovery. Here we have established that the appellees are not liable to the appellants for the slip and fall accident; therefore, they are not liable to the appellants for loss of consortium. Thus, the trial court did not err when it granted summary judgment in favor of the appellees, and the appellants' single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., concur.