JOURNAL ENTRY AND OPINION
{¶ 1} Appellants Gregory Riggs ("Riggs") and Lindsay Riggs appeal from the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee Commonwealth Hotels, Inc., d.b.a. Embassy Suites ("Embassy Suites"). For the reasons adduced below, we affirm.
 {¶ 2} Riggs and his wife Lindsay filed this action on September 12, 2005. They alleged in their complaint that Riggs fell over a step while on the premises of the Embassy Suites located at 5800 Rockside Road, Independence, Ohio. The complaint contained a negligence claim against Embassy Suites and also included a loss of consortium claim.
 {¶ 3} Embassy Suites filed a motion for summary judgment on May 5, 2006, arguing that the step was an open and obvious condition for which it had no duty to warn and could not be held liable in negligence. Appellants filed a brief in opposition, claiming the condition was not open and obvious.
 {¶ 4} In arguing their positions, both sides referred to the deposition testimony of Riggs. Riggs testified that on September 13, 2003 he was at the Embassy Suites on Rockside Road for a meeting being held by the Hemophilia Foundation. He had never been to this particular Embassy Suites before. He arrived at the hotel around 5:00 p.m. and was directed to the side of the atrium for the initial gathering. He later went to a room off the atrium for dinner. He had one glass of wine that evening. He had taken medication for high blood pressure that morning. *Page 3 
 {¶ 5} Before leaving the hotel, Riggs went to visit different vendor tables that were set up in a hallway. He decided to leave the hotel around 8:30 p.m. Up to this point in the evening, Riggs had not walked up any steps in the hotel.
 {¶ 6} He stated that the lights had been dimmed and the atrium was darker at this time. However, he was able to see people walking around. He also stated that it was light enough that he was able to walk through the area with the vendors without incident and was able to see the vendors' faces and the literature on the tables.
 {¶ 7} Riggs indicated that he walked across the center of the atrium to reach the exit. He stated the sides of the atrium were carpeted and the center was a "high-polished, beautiful tan-colored marble." As Riggs was leaving, he was carrying a bag and was walking with and talking to another gentleman. He also was momentarily saying good night to other people.
 {¶ 8} After taking four or five steps down the center of the atrium, Riggs fell over a step. He stated he was focused on the door of the atrium. When Riggs got up, he saw that there were two steps. The steps were upward steps, and Riggs had hit the bottom step with his foot, causing him to fall forward onto the plateau.
 {¶ 9} Riggs testified that the steps were not covered with any type of covering, such as mats or carpeting. He stated that the steps were high-polished marble and blended with the floor under the dimmed lighting. However, he also testified that as he was standing on the plateau and looking back, he was able to *Page 4 
notice the steps were there. He stated nothing distracted him from seeing the steps.
 {¶ 10} The trial court granted the motion for summary judgment in favor of Embassy Suites. Appellants have appealed this ruling. Their sole assignment of error provides as follows: "The trial court erred when it granted summary judgment against appellant since there were genuine issues of material fact that remained to be litigated."
 {¶ 11} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 12} In this case, appellants argue that there is a material issue of fact as to whether the step was an open and obvious condition. They argue that "it was difficult if not impossible for Mr. Riggs to see the step that he tripped over because the steps blended with their surroundings."
 {¶ 13} The open and obvious doctrine states that a premises owner owes no *Page 5 
duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The Ohio Supreme Court reaffirmed the open and obvious doctrine in Armstrong v. Best Buy, 99 Ohio St.3d 79, 2003-Ohio-2573. The open and obvious nature of the hazard itself serves as a warning. Id. at 80. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Id., citing Simmers v. Bentley ConstrCo. (1992), 64 Ohio St.3d 642, 644, 1992-Ohio-42. When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. Armstrong, 99 Ohio St.3d at 80.
 {¶ 14} Open and obvious hazards are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. LawsonCo. (1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. BeerBarrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 15} In this case, the testimony reflected that Riggs was not looking at the floor when he tripped. Rather, he was walking with and talking to another gentleman, was saying good night to others, and was focused on the exit door at the moment he fell. The step over which he fell was neither hidden nor concealed. There was no carpeting on the steps and no alleged defects in the steps themselves. Further, there was nothing obstructing Riggs's view of the floor. Although the lights
were dimmed and the steps were in the same marble as the surrounding floor, Riggs testified that when he looked back, he did in fact observe two steps that rose to a plateau. He was also able to recognize familiar people, to whom he said good night, and to see the literature on the vendors' tables.
 {¶ 16} It would appear from the record that Riggs simply was not paying attention to where he was walking. As aptly indicated in a case cited by appellee, "Several courts have held that dimly lit steps, uniform color between steps and the floor, and the lack of a handrail on steps do not render steps unreasonably dangerous, but rather present an open and obvious danger of which the person traversing the steps should be aware." Nelson v. Sound Health Alternatives Int'l, Athens App. No. 01CA24, 2001-Ohio-2571 (citations omitted). Under these circumstances, we find the condition was open and obvious. Irrespective of whether Riggs perceived the step as he crossed the atrium, the step was in fact observable. The open and obvious nature of the step alleviated appellee's duty to warn visitors of its existence, precluding liability for negligence. See Armstrong, 99 Ohio St.3d 79.
 {¶ 17} We conclude appellants' sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR *Page 1