JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1, plaintiffs-appellants William and Mildred McGill appeal from the trial court order that granted summary judgment to defendant-appellee Jameson Properties, L.L.C., thus terminating their personal injury action.
 {¶ 2} The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. Crawford v. EastlandShopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 3} The McGills present one assignment of error in which they argue that summary judgment for appellee on their negligence claim was inappropriate because the record contains evidence that makes the "open and obvious doctrine" inapplicable. This court disagrees. *Page 3 
 {¶ 4} Appellant William McGill, born in 1918, was injured on June 16, 2005 when he fell while exiting a Perkins Restaurant located on property owned by appellee. He and his wife alleged in their complaint that his injuries proximately were caused by appellee's negligent maintenance of the premises.
 {¶ 5} Appellee eventually filed a motion for summary judgment with respect to appellants' claim; the motion was supported by a copy of McGill's deposition testimony and a verified photograph of the area where he fell. Appellee asserted the evidence proved the defect was "open and obvious," thus the McGills were barred from recovery on their claims pursuant to Armstrong v. Best Buy, 99 Ohio St.3d 79,2003-Ohio-2573.
 {¶ 6} In his deposition, McGill testified he and his wife had eaten lunch at the restaurant, were exiting from the side door, and he tripped on the pavement of the ramp that led to the parking lot. The photograph of the area demonstrated that the ramp had been repaired with asphalt. The repair differed in its height approximately an inch-and-a-half from the concrete pavement at the side-door exit. Height differentials this slight have been held to be "insubstantial as a matter of law" and do not establish an issue with respect to the existence of a duty on the part of a landowner. Willen v. Goudreau Mgmt Corp., Cuyahoga App. No. 84764, 2005-Ohio-2312, ¶ 16.
 {¶ 7} In their opposition brief, the McGills acknowledged the height differential was minor, but argued "attendant circumstances" existed that precluded summary judgment as set forth in Cash v. Cincinnati
(1981), 66 Ohio St.2d 319. McGill *Page 4 
provided his affidavit, in which he stated that his attention was diverted by his concern for traffic and construction in the parking lot, together with a stranger's comment about their car.
 {¶ 8} The foregoing evidence, however, remained insufficient to establish the existence of a genuine issue of fact in this case. As stated in Armstrong v. Best Buy, supra at ¶ 16, McGill admitted "nothing was obstructing his view," he had visited the restaurant several times "before his mishap," and the photograph shows the alleged defect was "visible to all persons entering and exiting" the door. Thus, the evidence proved the area constituted an "open and obvious" hazard, and appellee "owed no duty" to McGill. Id.
 {¶ 9} Since the record demonstrates McGill "simply was not paying attention to where he was walking," and the minor height differential in the ramp's pavement clearly was observable, McGill failed to establish his negligence claim against appellee. Riggs v. Commonwealth Hotels,Inc., Cuyahoga App. No. 88447, 2007-Ohio-2922, ¶ 16.
 {¶ 10} The McGills' assignment of error, therefore, is overruled.
Affirmed.
It is ordered that appellee recover from the appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to *Page 5 
Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR *Page 1