JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Gregory Snider ("Snider") appeals the trial court's granting of summary judgment for defendant-appellee, Diana McTigue ("McTigue"). Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2005, Snider sustained injuries while exiting The Office. The Office is a bar owned by Donald Bersacola, Jr., ("Bersacola"), who rents the space from McTigue, the building's owner and landlord. On the night of the incident, Snider was a patron at The Office. He visited the bar for approximately one and one-half hours and consumed three to four beers. At approximately 10:00 p.m., he left The Office through the rear exit to the parking lot, where his car was parked. While walking to his car, he slipped on ice and fell on the sidewalk.
 {¶ 3} In October 2005, Snider filed suit against McTigue, alleging that McTigue's negligence proximately caused his injuries. In July 2006, McTigue filed a motion for summary judgment, which the trial court granted in November 2006.
 {¶ 4} Snider now appeals, raising one assignment of error in which he argues that the trial court erred in granting summary judgment for McTigue.
 Standard of Review {¶ 5} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 1996-Ohio-336, 671 N.E.2d 241; Zemcik v.La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,706 N.E.2d 860. The Ohio *Page 4 
Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201, as follows:
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d.138.
 {¶ 7} In the sole assignment of error, Snider argues that the trial court erred in granting summary judgment because genuine issues of material fact exist as to the accumulation of ice on the premises.
 The Accumulation of Ice and Snow *Page 5 {¶ 8} Encounters with ice and snow are not unusual in Ohio during the winter months. In Norfolk v. Tuttle (1906), 73 Ohio St. 242, 76 N.E. 6, the Ohio Supreme Court stated that:
 "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with frequency and suddenness which defy prevention and, usually, correction. * * * To hold that a liability results from these actions of the elements would be the affirmance of a duty which * * * would often be impossible, and ordinarily impracticable * * * to perform."
 {¶ 9} Therefore, the general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow on the premises, or to warn the invitees of the danger associated with natural accumulations of ice and snow.Brinkman v. Ross, 68 Ohio St.3d 82, 1993-Ohio-72, 623 N.E.2d 1175;Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38,227 N.E.2d 603. The underlying rationale is that "everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." Brinkman, supra.
 {¶ 10} Notwithstanding the general rule, liability may attach if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. Lopatkovich v. City of Tiffin (1986),28 Ohio St.3d 204, 503 N.E.2d 154. An "unnatural" accumulation of snow and ice is one that has been created by causes *Page 6 
and factors other than meteorological forces of nature, such as the inclement weather conditions of low temperature, strong winds, and drifting snow. Porter v. Miller (1983), 13 Ohio App.3d 93,468 N.E.2d 134. By definition, "unnatural" is man-made. Id. "[S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Id.
 {¶ 11} Snider contends that an unnatural accumulation of ice was formed as a result of water leaking from the roof and down the side of McTigue's building. He argues that Bersacola's deposition testimony that McTigue had actual notice of the defect and declined to correct it, created an issue of fact for the jury. Bersacola testified that he thought water in the gutter would freeze, which then resulted in the excess water pouring over and forming ice on the sidewalk. However, he testified that he never actually observed the gutters in a frozen state. Moreover, Bersacola admitted that he was not certain that the building even had gutters.
 {¶ 12} Therefore, other than Bersacola's mere speculation or theory, there is no evidence in the record to support Snider's argument that the ice on the sidewalk was an unnatural accumulation. Snider failed to produce any evidence showing that a defective roof or gutters caused an unnatural accumulation. Neither Snider nor Bersacola observed the gutter malfunctioning at the time of the incident. Moreover, Snider has failed to provide an expert report or any documentation to show that a *Page 7 
defect in the gutters or the roof caused an unnatural accumulation of ice. As we stated in Hoenigman v. McDonald's Corp. (Jan. 11, 1990), Cuyahoga App. No. 56010, "[w]ater dripping from a non-defective roof with gutters to the ground which refreezes and forms ice does not constitute a nonnatural accumulation." Thus, we find that no genuine issue of material fact existed and McTigue cannot be held liable, as a matter of law, for injuries resulting from Snider's fall on the natural accumulation of ice on the sidewalk.
 {¶ 13} Therefore, the sole assignment of error is overruled.
 {¶ 14} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J. and MELODY J. STEWART, J. CONCUR *Page 1