[Cite as *Waugh v. Lynch*, 2014-Ohio-1087.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100432**

---

## PENNIE WAUGH, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## JOHN LYNCH

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-786806

**BEFORE:** Rocco, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED**: March 20, 2014

**ATTORNEY FOR APPELLANTS**

James D. Falvey
Miller, Stillman & Bartel, L.L.C.
1422 Euclid Avenue
Suite 800
Cleveland, OH 44115

**ATTORNEYS FOR APPELLEE**

Shannon M. Fogarty
Christine M. Kuntz
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, East
Cleveland, OH 44114

KENNETH A. ROCCO, P.J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant Pennie Waugh[1] appeals from the trial court's decision to grant summary judgment to defendant-appellee John Lynch, thus terminating Waugh's personal injury action.

{¶2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. *McGill v. Jameson Props.*, 8th Dist. Cuyahoga No. 89102, 2007-Ohio-4679.

{¶3} Waugh presents one assignment of error, arguing that summary judgment in Lynch's favor on her complaint was improper because the record contains a suggestion that Lynch may have destroyed evidence that would support her negligence claim. Because summary judgment cannot be prevented by mere suggestion, this argument is unpersuasive.

{¶4} Waugh's injury took place at a multi-family residential building Lynch owned. At the time of the injury, she had been living in the upstairs unit for a week or two. Waugh noticed nothing wrong with the rear exterior stairway, although she used the stairway "every day."[2]

---

[1]Waugh's husband Billy was also a plaintiff in the action, but Waugh will be referred to in the singular herein for ease of reference.

[2]Quotes are taken from the deposition transcripts presented to the trial court.

{¶5} On the morning of July 10, 2010, a "beautiful" day, she exited her unit, proceeded down the outside stairway, and as she "put [her] left foot on the seventh stair [tread]," she felt the tread give way and she fell through, becoming trapped between the treads. Waugh's husband noticed her predicament and extricated her. A few hours later, Waugh went to the hospital where she was treated for scrapes and contusions of her legs.

{¶6} Bradley Sopczak acted as a handyman for Lynch's residential properties. Upon learning of Waugh's accident, he inspected the outside stairway and noticed that the one of the underlying wooden braces for the seventh step had "given way." As he described it, the brace came away from the step tread because the "nails were pushed out from weight." Sopczak saw "no dry rot or anything like that."

{¶7} Prior to Waugh's accident, neither Sopczak nor Lynch had ever been aware of any problems with the outside staircase, although some railings had been replaced a few years previously. Sopczak took photographs of the damaged tread before he repaired it. Sopczak provided these photos to Lynch, however, by the time of his deposition, Lynch could not recall either receiving or having seen them.

{¶8} Waugh eventually filed this action in the trial court seeking compensation for her injuries, alleging that the stairs had been "negligently maintained" by Lynch and that Lynch had breached his statutory duties as a landlord to "comply with the requirements of all applicable building, housing, health and safety codes" for the premises, as required by

R.C. 5321.04(A). After Lynch filed his answer denying the allegations, he filed a motion for summary judgment. Waugh filed a brief in opposition to Lynch's motion.

{¶9} Each party relied upon the depositions that were filed in the trial court for support. The trial court granted summary judgment in Lynch's favor.

{¶10} Although Waugh argues summary judgment was inappropriate because "[t]he fact that [she was] unable to prove that the step in question was rotted should not be held against" her, her argument ignores the requirements of Civ.R. 56. As stated in *Hemphill v. Swan Park Apts.*, 6th Dist. Lucas No. L-95-247, 1996 Ohio App. LEXIS 171 (Jan.26, 1996):

> Initially, the party seeking summary judgment bears the burden of delineating which areas of the opponent's claim raise no genuine issues of material fact. The moving party may support its assertions "by affidavits or otherwise as allowed by Civ.R. 56(C)" *Mitseff v. Wheeler* (1988), 38 Ohio St. 3d 112, 115, 526 N.E.2d 798. *Once the moving party meets its burden, the non-moving party must produce evidence* on the issue or issues identified by the movant for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St. 3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.
>
> Generally, a landlord retains control of the common areas of his leased premises, and has a duty to his tenants and their family members, employees and guests "to exercise ordinary care to keep the same in a reasonably safe condition." *Davies v. Kelley* (1925), 112 Ohio St. 122, 146 N.E. 888, at paragraphs one and two of the syllabus. In cases "where negligence revolves around the question of the existence of a hazard or defect," *notice, either actual or constructive, of the hazard or defect[,] is a prerequisite* to such a duty. *Heckert v. Patrick* (1984), 15 Ohio St. 3d 402, 405, 473 N.E.2d 1204.
>
> In order to show that a landlord had constructive notice, an injured *plaintiff has the burden of showing that the defect in question must have existed for such a length of time that the landlord, by exercising reasonable care, should have discovered it. Young v. Mager* (1974), 41 Ohio App. 2d 60, 63-64, 322 N.E.2d 130.

(Emphasis added.)

**{¶11}** In this case, both Lynch and Sopczak testified that, prior to Waugh's accident, they had no awareness of any problems with the rear exterior staircase, and that no one had indicated otherwise. *Sikora v. Wenzel,* 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000) (landlord neither knew nor should have known of the condition giving rise to the violation of R.C. 5321.04(A)(1), therefore, his violation was excused and he was not liable to the tenant for failing to comply with the statute). Sopczak categorically denied that the treads were rotted either prior to Waugh's accident or when he repaired the tread afterward. Sopczak additionally testified that the "city does inspections."

**{¶12}** In the face of this evidence, Waugh presented no contrary evidence. She merely speculates that Lynch "discarded" Sopczak's photos, and that Lynch did so because the photos showed rot in the wood. Speculation is insufficient to meet the requirements of a properly-supported motion for summary judgment. *Snider v. McTigue*, 8th Dist. Cuyahoga No. 89092, 2007-Ohio-5065, ¶ 12; *Frankmann v. Skyline Mgt.,* 8th Dist. Cuyahoga No. 88807, 2007-Ohio-3922.

**{¶13}** Waugh admitted that she never noticed anything wrong with the exterior stairway, so she had no reason to contact Lynch about its condition. *Sikora,* 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000), *approved by Mann v. Northgate Investors, L.L.C.*, Slip Opinion No. 2014-Ohio-455. Waugh also failed to produce any documentary evidence that demonstrated that the city's regular inspections revealed the existence of defects in the rear exterior staircase. *Snider* at ¶ 12; *compare Wallace v. Golden Comb*, 8th Dist. Cuyahoga No. 99910, 2013-Ohio-5320, ¶ 6 (plaintiff's evidence showed handrail that came away from the wall and caused injury was "attached to the wall by a single screw placed into the drywall, and the attachment was not backed up by a stud or any blocking material, in violation of the [city's] building code.")

**{¶14}** Under these circumstances, the trial court's decision was correct.

**{¶15}** Waugh's assignment of error, accordingly, is overruled, and the trial court's order is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR