[Cite as *Robinson v. Dance Studio*, 2015-Ohio-320.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101750**

---

**TANYA L. ROBINSON**

PLAINTIFF-APPELLANT

vs.

**THE DANCE STUDIO, ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-808242

**BEFORE:**   S. Gallagher, J., Celebrezze, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 29, 2015

**ATTORNEYS FOR APPELLANT**

Abby L. Botick
Neal E. Shapero
Shapero & Roloff Co., L.P.A.
1350 Euclid Avenue
Suite 1550
Cleveland, OH   44115


**ATTORNEYS FOR APPELLEES**

**For The Dance Studio, et al.**

Thomas M. Coughlin, Jr.
John A. Rubis
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, OH   44114

**For Cuyahoga Community College**

Mike DeWine
Ohio Attorney General
By:   Michael T. Fisher
Assistant Attorney General
615 Superior Avenue, 11th Floor
Cleveland, OH   44113-1899

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff Tanya Robinson appeals the trial court's decision granting summary judgment in favor of the defendants The Dance Studio, The Dance Studio, L.L.C., and Soles N Sync (collectively "The Dance Studio") and defendant Cuyahoga Community College ("Tri-C"). For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

{¶2} On June 4, 2011, Robinson attended a dance recital performed in Tri-C's auditorium. The Dance Studio orchestrated the event, but Tri-C employees operated the auditorium's lighting system that included house, stage, and aisle lighting. The aisle lighting was always on, while the house and stage lighting fluctuated throughout the recital. Robinson was seated in a fifth-row, aisle seat. Before the recital, she left some gifts for a couple of the performers in front of the stage and then ascended the aisle steps to her seat. After the second of about 40 performances during the recital, Robinson stood to retrieve the gifts. At that time, the stage lights illuminated the seating area sufficiently for her to clearly see everything. She descended two steps before the stage lights momentarily dimmed, according to Robinson, causing the auditorium to become pitch black. Robinson claimed that she carefully attempted to negotiate the remaining steps, which she saw "as best she could" while bending over to get a closer look. She either descended three additional steps or took three more steps in that way before falling over the last step.

{¶3} According to Robinson, only the last couple of steps were not illuminated, but she never explains whether that means there was not an aisle light, the light available failed to illuminate the step — if that was indeed the purpose of the aisle lights, or there were multiple aisle lights extinguished. It is undisputed that the aisle lights were otherwise activated except

for the last one. A representative from The Dance Studio claimed that the last step was not illuminated, but could not confirm that the single light was off, only that the step appeared unlit. The campus security guard noted that the light on the step in question was on, but dimmer than the others, although he did not testify regarding the effectiveness of the dimmer light or whether any aisle light actually illuminated the respective step. After Robinson fell, the stage lights were reactivated as the third performance started.

{¶4} There are no pictures in the record of the aisle, the aisle-lighting system, or the step. According to Tri-C's representative and a simple diagram attached to his deposition, it appears that each seating row was situated on a platform so that two steps were necessary to descend each row, meaning the steps alternated between a standard step and a platform. The aisle lighting consisted of lights attached on the side of the aisle seat, alternating between the left and right aisle seats as one proceeded down the stairs, presumably meaning the light was on the platform and not the standard-sized step. There is no evidence establishing whether the aisle lights were meant to illuminate the step preceding the platform or merely served as an indication that a step was near.

{¶5} The trial court granted summary judgment in favor of The Dance Studio and Tri-C, both of which claimed that the open-and-obvious doctrine or step-in-the-dark rule precluded Robinson from recovering damages stemming from her fall. Robinson appealed, advancing three assignments of error generally claiming that the lack of lighting is not an open-and-obvious hazard, that the step-in-the-dark rule does not apply, and that the defendants had a duty to provide adequate lighting during the recital. We find some merit to Robinson's assignments of error; the granting of judgment was premature based on the issues of fact surrounding the alleged defect in the aisle-lighting system.

**{¶6}** Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

> Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.

*Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

**{¶7}** "A business ordinarily owes its invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Hill v. W. Res. Catering*, *Ltd.*, 8th Dist. Cuyahoga No. 93930, 2010-Ohio-2896, ¶ 10, citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088; *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985); *Jackson v. Kings Island*, 58 Ohio St.2d 357, 390 N.E.2d 810 (1979). "When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.*

**{¶8}** In this case, Robinson alleges that the aisle-lighting system was not completely operative. Although her testimony and The Dance Studio's representative's testimony regarding the broken or defective light was ambiguous, summary judgment cannot be predicated on credibility determinations. *See Turner v. Turner*, 67 Ohio St.3d 337, 617 N.E.2d 1123 (1993), paragraph one of the syllabus. Robinson did not adequately testify whether the step lacked illumination because there was no aisle light on the last step or because the aisle lighting was somehow defective. The Dance Studio's representative, who could not adequately describe the

aisle-lighting system, stated the light attached to the last step was not illuminated, at least implying a defect existed.

{¶9} Regardless, we must accept the evidence most strongly in favor of the plaintiff, which in this case demonstrates that the lighting system in the aisle stairway, meant to guide patrons through the darkened theater, was not completely working and, therefore, defective. According to Robinson's evidence, the last step's light was not illuminated. Regardless of the strength of Robinson's evidence, the defendants bore the burden of demonstrating the basis of their motions.

{¶10} In this regard, the defendants claim that this court has reached numerous decisions standing for the proposition that a plaintiff, like Robinson, is precluded from advancing liability claims when the fall in a darkened theater is caused by falling down a step. Cases from this district do not go quite so far as to preclude all liability incurred as a result from a patron's slipping or tripping over stairs in darkened areas. Defendants have not cited any equivalent instance in Ohio where a path-lighting system is alleged to be defective, yet summary judgment is appropriate.

{¶11} For instance, in *Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761, the plaintiff fell when a ramp leading into a darkened movie theater transitioned into stairs. A panel of this court determined that either the open-and-obvious doctrine obviated a duty to warn a plaintiff of a hazard in the darkened theater because the aisle lights illuminating the path served its own warning, or in the alternative, if the stairway was completely dark due to non-existent aisle lighting, the step-in-the-dark rule precluded recovery because a plaintiff cannot discharge her own liability after walking into a darkened theater without investigating possible dangers. *Id.* at ¶ 27; *Draper v. Centrum Landmark Theater,* 8th

Dist. Cuyahoga No. 72000, 1997 Ohio App. LEXIS 2555 (June 12, 1997) (defendants owed no duty to plaintiff because the aisle lighting provided adequate notice of the pathway); *McDonald v. Marbella Restaurant*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 2 (the hazardous condition was the darkness and, therefore, the defendant owed no duty to the plaintiff before her fall down completely unlighted stairs).[1]  In this case there was a lighting system in place to warn patrons of the stairs.   Unlike previous cases, the issue in this case focuses on whether a defect in the aisle-lighting system existed and caused Robinson's damages.

{¶12} Accordingly, there is a genuine issue of material fact regarding whether the aisle lighting was designed to serve as a warning to patrons using the aisles in the darkened theater, and whether a defective light existed. Contrary to the defendants' contention, Robinson has pleaded and demonstrated a hazardous condition sufficiently to survive summary judgment against the open-and-obvious doctrine.   The alleged hazardous condition is not darkness, rather the failure to maintain the aisle lighting.   The defendants have not addressed whether a duty exists[2] or was breached in failing to maintain the aisle lighting, and therefore, any summary judgment determination was premature.[3]

---

[1]We note that there is a split among the Ohio districts regarding whether the open-and-obvious doctrine, pertaining to the duty prong of negligence, encompasses darkness as a hazard in light of the fact that the step-in-the-dark rule originated as a contributory negligence claim.  *Andler v. Clear Channel Broadcasting, Inc.*, 670 F.3d 717, 726 (6th Cir.2012). Resolution of that issue is outside the scope of the current appeal.

[2]Robinson's complaint is not clear as to her theory of liability, and the issue was not clarified in any briefing.   It appears that, in addition to the defective aisle light, she complains that a theater has a duty to refrain from turning the house and stage lighting off between performances, but without establishing the source of that duty.   That issue was not addressed by any party and, therefore, we are left to merely note the issue.

[3]Robinson's claims against The Dance Studio are also murky.   The Dance Studio had no

{¶13} Our decision is not to be read as a steadfast refusal to apply the open-and-obvious doctrine, which still may be applicable. *See, e.g., Johnson*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761; *Draper,* 8th Dist. Cuyahoga No. 72000, 1997 Ohio App. LEXIS 2555 (the dim aisle lighting provided notice of the danger of stairs in a darkened theater as a matter of law). We note this fact only because if, for example, it were undisputed that the aisle lighting system was operational so the open-and-obvious doctrine applied, there was no notice of the defect pursuant to general negligence principles, or the aisle light merely served as a point of warning rather than illumination so that a dimmer light was sufficient, summary judgment may have been otherwise appropriate. Our disposition is purely a reflection of the state of the record and arguments advanced.

{¶14} There is a genuine issue of material fact as to whether the aisle lighting system was defective. In light of the foregoing, the trial court's decision granting summary judgment is reversed, and the matter is remanded for further proceedings.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

responsibility over the aisle lighting based on the undisputed facts. In seeking summary judgment, however, The Dance Studio relied on the step-in-the-dark rule and the open-and-obvious doctrine without addressing whether it owed a duty to maintain the aisle lighting. It is undisputed that the aisle lights were illuminated other than the one nearest the step at issue. We cannot, however, preserve the trial court's ruling on reasons not addressed with either court.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
EILEEN A. GALLAGHER, J., CONCUR