[Cite as *Trevis v. Shelbourne CP, L.L.C.*, 2026-Ohio-2407.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TOBY TREVIS,                                    :

     Plaintiff-Appellant,              :

                                         No. 115467

     v.                                           :

SHELBOURNE CP, LLC, ET AL.,           :

     Defendants-Appellees.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 25, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-998065

---

### *Appearances:*

Jeffrey A. Leikin, LLC, and Jeffrey A. Leiken, *for appellant*.

Gallagher Sharp LLP, Thomas J. Cabral, and Jeremy S. Ribando, *for appellees*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Toby Trevis ("Trevis") appeals the trial court's decision to grant defendants-appellees' Shelbourne CP, LLC and Fromovitz Chabad Center's ("appellees") motion for summary judgment. We affirm.

## I.    Facts and Procedural History

**{¶ 2}**    On September 15, 2023, Trevis parked in the back of the Fromovitz Chabad Center ("Fromovitz") that is located in a building owned by Shelbourne CP, LLC ("Shelbourne").  During daylight hours, Trevis followed other individuals through the parking lot, east of the area where she eventually fell into the rear of the building.  According to Trevis, she did not notice the old bank area or elevated change. After several hours and once it became dark, Trevis exited the building, walking straight out of the same rear door she entered earlier in the day.  Trevis did not look down and walked off the ledge, injuring herself.  Between the rear door and the ledge are two additional cement curbs, which Trevis stated she did not remember.

**{¶ 3}**    On May 29, 2024, Trevis filed a complaint against Shelbourne and Fromovitz alleging that they created the nuisance and unsafe condition on the premises that caused her to fall.  Trevis argued that the appellees were negligent in failing to properly maintain, operate, and/or otherwise control the premises.  She also contended that the appellees were negligent in failing to inspect the premises in order to discover and remedy any unsafe condition, nuisance, and hazard that existed upon the premises.

**{¶ 4}**    On May 12, 2025, the appellees filed a motion for summary judgment arguing that Trevis was injured because of her failure to exercise reasonable caution in avoiding the open and obvious hazard of walking from a building to her car in the dark through an area she had previously observed and avoided.  The appellees

further contended that Trevis's claims should be dismissed on the grounds that there are not genuine issues of material fact in dispute. Additionally, Fromovitz argued that Trevis could not prove a negligence claim against it because it did not have control or possession over the premises where the injury occurred and thus did not owe Trevis any duty on the premises.

{¶ 5} On August 8, 2025, the trial court granted the appellees' motion for summary judgment. Journal Entry No. 199835995 (Aug. 8, 2025.) The trial court also attached an order and opinion to the entry. The trial court, in its opinion, stated that it agreed with Fromovitz because Fromovitz's lease states that it is an interior tenant of Shelbourne's building. Additionally, testimony from both representatives of Fromovitz and Shelbourne consistently demonstrates that Fromovitz had no ownership, control, or responsibility to maintain the outside of the building, and instead that responsibility belonged solely to Shelbourne.

{¶ 6} The trial court continued its reasoning and stated that in order for Trevis to "overcome for summary judgment," she would have to show that the elevation change in the parking lot was not an open and obvious danger. If the elevation change was an open and obvious danger, then Shelbourne is not liable for Trevis's injuries.

{¶ 7} The trial court determined that had it been too dark in the area for Trevis to see where she was walking, then she disregarded an open and obvious hazard of the darkness. The trial court reasoned that even if there was a factual question as to the level of darkness, Trevis was still unable to establish a negligence

claim because she could have seen the ledge or should have appreciated the open and obvious hazard of the darkness.

{¶ 8} As a result of the trial court's decision, Trevis filed this appeal, assigning one error for our review:

> The trial court erred when it granted summary judgment in a premises liability case where there existed genuine issues of material fact as to the appellee's liability and proximate cause   and that appellee was not entitled to judgment as a matter of law.

## II.   Summary Judgment

### A. Standard of Review

{¶ 9} "An appellate court reviews a trial court's grant of summary judgment de novo." *Tatarunas v. Progressive Cas. Ins. Co.*, 2025-Ohio-4372, ¶ 20 (8th Dist.), citing *Warthog Mgt., LLC v. Fares*, 2024-Ohio-2065, ¶ 17 (8th Dist.).  Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial."  *Edvon v. Morales*, 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the party moving for summary judgment satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and if the nonmovant does

not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher* at 293.

{¶ 10} Summary judgment is appropriate where the record provides (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Univ. School v. M.F.*, 2025-Ohio-170, ¶ 11 (8th Dist.), quoting *Bohan v. McDonald Hopkins, L.L.C.*, 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679 (1995), paragraph three of the syllabus.

## B. Law and Analysis

{¶ 11} In Trevis's sole assignment of error, she argues that the trial court erred when it granted the appellees' motion for summary judgment. First, Trevis contends that Shelbourne has a duty of care to maintain the business premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. Second, Trevis contends that Shelbourne has a duty to warn of conditions to which the owner or occupier is aware. Third, Trevis contends that Shelbourne has a duty to either remove existing hazards, repair conditions of which they have noticed, or warn invitees of an existing hazard so that the invitee can protect themselves from the safety hazard presented.

{¶ 12} Trevis argues that Shelbourne knew that the outdoor lighting immediately outside of the rear door of the building was not working. Trevis further

argues that because the outdoor lighting was not working, she was injured, because this light served the purpose of providing notice to the patrons that there were multiple curbs and elevation changes. Further, Trevis argues that the open-and-obvious doctrine rule should not be applied as a matter of law with looking at the attending circumstances.

{¶ 13} Under R.C. 5321.04(A), a landlord who is a party to a rental agreement shall (1) comply with the requirements of all applicable building, housing, health, and safety codes; (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; and (3) keep all common areas of the premises in a safe and sanitary condition. *See Person-Thomas v. Quilliams-Noble Apts., L.L.C.,* 2015-Ohio-4277, ¶ 13 (8th Dist.). "A landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 419 (1994).

{¶ 14} If Shelbourne violated these duties imposed by R.C. 5321.04(A), they could be considered negligent. *Robinson v. Bates*, 2006-Ohio-6362, ¶ 23. However, Shelbourne will be excused from liability under the Landlord-Tenant Act, "if he neither knew nor should have known of the factual circumstances that caused the violation." *Id.* at the syllabus.

{¶ 15} In order to establish Shelbourne's negligence under common law premises liability, Trevis must show: "(1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately resulting from the breach." *DeFreeze v. Lynch*,

2019-Ohio-699, ¶ 13 (8th Dist.), quoting *Robinson,* at ¶ 21. "However, where the matter involves a question of the existence of a hazardous condition or defect, actual or constructive notice of the hazard or defect is a prerequisite to a landlord's duty." *Id.*, citing *Waugh v. Lynch*, 2014-Ohio-1087, ¶ 10 (8th Dist.); *Heckert v. Patrick*, 15 Ohio St.3d 402, 405 (1984). "Further, a landlord has no common law duty of care regarding dangers that are open and obvious. *Id.*, citing *Robinson* at ¶ 35; *Packman v. Barton*, 2009-Ohio-5282, ¶ 33 (12th Dist.) ("[I]f the danger resulting from the allegedly defective rear staircase was open and obvious to appellant, then the Bartons owed her no duty of care."). "Darkness may be an open and obvious condition that obviates the landlord's duty to warn its tenant." *Id.*, citing *Carter v. Forestview Terrace L.L.C.*, 2016-Ohio-5229, ¶ 19 (8th Dist.).

{¶ 16} The court in *Carter* stated: "The 'step-in-the dark' rule relates to the proximate cause element of negligence and holds that 'one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law.'" *Carter* at ¶ 19, quoting *Posin v. A.B.C. Motor Court Hotel, Inc.,* 45 Ohio St.2d 271, 276 (1976); *Johnson v. Regal Cinemas, Inc.*, 2010-Ohio-1761, ¶ 30 (8th Dist.) (stating the rule mandates liability upon an individual who intentionally steps from a lighted area to total darkness, without investigating the possible dangers concealed by the darkness); *Hissong v. Miller*, 2010-Ohio-961, ¶ 37 (2d Dist.) (noting that unlike the "open and obvious" doctrine that relates to the

landlord's duty, the step-in-the-dark rule relates to the cause of the plaintiff's injury).

{¶ 17} "The open-and-obvious doctrine provides that premises owners do not owe a duty to persons entering those premises regarding dangers that are open and obvious." *Hill v. W. Res. Catering, Ltd.*, 2010-Ohio-2896, ¶ 9 (8th Dist.), citing *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1963), paragraph one of the syllabus. "The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.,* quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶ 18} "A business ordinarily owes its invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Id*. at ¶ 10, citing *Armstrong* at ¶ 5, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985); *Jackson v. Kings Island,* 58 Ohio St.2d 357 (1979). "When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id*., citing *id.* "It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id*., citing *id.*

{¶ 19} The ledge that Trevis fell from was not hidden or concealed from view.

> The Open and obvious hazards are neither hidden or concealed from view nor non-discoverable by ordinary inspection. The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case. Consequently, the bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable. There are exceptions to this rule, namely, attendant circumstances.

*Id.* at ¶ 11, quoting *Haymond v. BP Am.*, 2006-Ohio-2732, ¶ 16 (8th Dist.); *see also McDonald v. Marbella Restaurant*, 2008-Ohio-3667 (8th Dist.).

{¶ 20} While "'there is no precise definition of attendant circumstances . . . they generally include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *Id.* at ¶ 12, quoting *Klauss v. Marc Glassman, Inc.*, 2005-Ohio-1306, ¶ 20 (8th Dist.), citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494 (1st Dist. 1996). "Attendant circumstances are all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Id.*, citing *id.*

{¶ 21} "Poor lighting, however, does not rebut the presumption of the open and obvious danger." *Id.* at ¶ 20 "'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Id.*, quoting *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968), paragraph three of the syllabus. "In addition, taking the

attendant circumstances together, they must divert the attention of a pedestrian to significantly enhance the danger of the defect and contribute to the fall." *Id.*, citing *Boros v. Sears, Roebuck & Co.*, 2007-Ohio-5720, ¶ 15 (8th Dist.), citing *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29 (4th Dist. 1994).

{¶ 22} Nevertheless, Trevis maintains that the failure of Shelbourne to fix the outdoor lighting and comply with applicable building codes and regulations are an attending circumstance that increased the risk of a harmful result under the circumstances of her case. "Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded." *Butler v. Cleveland Clinic*, 2018-Ohio-93, ¶ 13 (8th Dist.), citing *McDonald v. Marbella Restaurant*, 2008-Ohio-3667, ¶ 33. "'Darkness is always a warning of danger, and for one's own protection it may not be disregarded.'" *Id.*, quoting *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968), paragraph three of the syllabus. "Under this rule, courts have applied the open and obvious doctrine and denied recovery where a plaintiff seeks to recover against a property owner for injuries sustained as a result of stepping into darkness and sustaining injuries as a result of another object or danger." *Id.*, citing *Rezac v. Cuyahoga Falls Concerts, Inc.*, 2007-Ohio-703 (9th Dist.); *Leonard v. Modene & Assocs., Inc.*, 2006-Ohio-5471 (6th Dist.). "Moreover, 'darkness is a completely predictable event that is not of the landlord's making.'" *Id.* at ¶ 16, quoting *Mann v. Northgate Investors, L.L.C.*, 2012-Ohio-2871, ¶ 23 (10th Dist.), quoting *Mowery v. Shoaf*, 2002-Ohio-3006 (7th Dist.).

{¶ 23} Trevis cites *Robinson v. Dance Studio*, 2015-Ohio-320 (8th Dist.), to support her contention. In *Robinson*, Robinson attended a dance recital performed in Tri-C's auditorium. There was lighting on the interior stairs to illuminate the stairs while the theatre was dark so that patrons could walk and see stairs during the performance. However, when Robinson attempted to walk down the stairs, she fell because the last stair's lights were either too dim or not working to illuminate the stairs during the darkened performance. The court in *Robinson* held that "there is a genuine issue of material fact regarding whether the aisle lighting was designed to serve as a warning to patrons using the aisles in the darkened theater, and whether a defective light existed." *Id*. at ¶ 12. And "[t]here is a genuine issue of material fact as to whether the aisle lighting system was defective. In light of the foregoing, the trial court's decision granting summary judgment is reversed, and the matter is remanded for further proceedings." *Id*. at ¶ 14.

{¶ 24} However, the decision in *Robinson* is distinguishable from other court decisions in our district, the State of Ohio, and the Supreme Court. *See, e.g.*, *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 21; *McDonald v. Marbella Restaurant*, 2008-Ohio-3667, ¶ 33 (8th Dist.); *Swonger v. Middlefield Village Apts.*, 2005-Ohio-941, ¶ 13 (11th Dist.); *McCoy v. Kroger Co.*, 2005-Ohio-6965, ¶ 16 (10th Dist.); *Leonard,* 2006-Ohio-5471 (6th Dist.); *Rezac,* 2007-Ohio-703 (9th Dist.); and *Witt v. Saybrook Invest. Corp.*, 2008-Ohio-2188 (8th Dist.). In *Robinson*, Robinson was already in a dark theatre and stepped on a step with a dim light or defective light. In our instant case, Trevis intentionally stepped from a

lighted area to total darkness, without investigating the possible dangers concealed by the darkness.

{¶ 25} In *Johnson v. Regal Cinemas, Inc.*, 2010-Ohio-1761 (8th Dist.), the plaintiff fell when a ramp leading into a darkened movie theater transitioned into stairs. A panel of this court determined that either the open-and-obvious doctrine obviated a duty to warn a plaintiff of a hazard in the darkened theater because the aisle lights illuminating the path served its own warning, or in the alternative, if the stairway was completely dark because of nonexistent aisle lighting, the step-in-the-dark rule precluded recovery because a plaintiff cannot discharge her own liability after walking into a darkened theater without investigating possible dangers. *Id.* at ¶ 27; *Draper v. Centrum Landmark Theater*, 1997 Ohio App. LEXIS 2555 (8th Dist. June 12, 1997).

{¶ 26} In *Williams v. Strand Theatre & Cultural Arts Assn.*, 2019-Ohio-95 (5th Dist.), the court stated the following:

> Williams was at the Strand Theatre to see a movie with her daughter. At the time, she was 91 years old. After her daughter purchased popcorn, the two proceeded to go upstairs to their seats from the concession area. Their seats were located in the Strand's second floor theater. At the time, appellant's daughter was carrying the popcorn. During her deposition, appellant testified that they started going up the steps to get to their seats and that "at the top I took a step that was there and started tumbling." Appellant's Deposition at 13. Appellant further testified that she "was up the steps and in the dark because they didn't have any lights and when I reached the top of the steps, I stepped down to take — going to the seats and that's when I fell." Appellant's Deposition at 14. Appellant struck her head on the floor, sustaining a large subdural hematoma.

*Id.* at ¶ 2.

{¶ 27} The court in *Williams* reasoned:

> Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded. *McDonald,* 2008-Ohio-3667, ¶ 33 (8th Dist.). "Darkness is always a warning of danger, and for one's own protection it may not be disregarded." *Id.,* quoting *Hutt*, 15 Ohio St.2d 224 (1968), paragraph three of the syllabus. Under this rule, Ohio courts have applied the open and obvious doctrine and denied recovery where a plaintiff seeks to recover against a property owner for injuries sustained as a result of stepping into darkness and sustaining injuries as a result of another object or danger. *Id.,* citing *Rezac,* 2007-Ohio-703 (9th Dist.); *Leonard,* 2006-Ohio-5471 (6th Dist.).

*Id.* at ¶ 25.

{¶ 28} In *Pass v. Cinemark, USA, Inc.*, 2004-Ohio-5191 (5th Dist.), a movie theater patron who was injured when she fell on stairs in a theater brought a negligence action against the theater. The patron argued that because the sconce lights had not come up after the movie ended, she was not able to discern that there was another step between where the handrail ended and where the landing began. In affirming the judgment of the trial court granting summary judgment to the theater, this court held, in relevant part:

> At the end of the movie, appellant elected to leave her seat, go down the stairs and exit the theatre while the credits were showing and before the houselights were scheduled to come to full lighting level. Thus, appellant was aware of the darkness of the theatre. Even if the lights failed to rise to the proper level during the credits, appellant was aware of the darkness and chose to exit her seat. Upon review, we find that any hazard or danger was open and obvious. We conclude that summary judgment was appropriate.

*Id.* at ¶ 15-16.

{¶ 29} Trevis's argument that the failure of Shelbourne to fix the outdoor lighting and comply with applicable building codes and regulations are an attended

circumstance that increased the risk of a harmful result under the circumstances of her case is not well taken. In *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 21, the Supreme Court of Ohio stated as follows:

> While a violation of the Building Code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care by not rectifying the problem, the violation is mere evidence of negligence and does not raise an irrebuttable presumption of it. As is the case with all other methods of proving negligence, the defendant may challenge the plaintiff's case with applicable defenses, such as the open-and-obvious doctrine. The plaintiff can avoid such defenses only with a per se finding of negligence, which we declined to extend to this context in *Chambers v. St. Mary's School,* 82 Ohio St.3d 563 (1998).

{¶ 30} The *Lang* Court at syllabus held as follows: "The open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code." Trevis, like the appellant in *Lang*, is essentially asking us to elevate administrative-rule violations to the level of negligence per se. However, the Supreme Court in *Lang*, stated: "However, we rejected this argument in *Chambers*, in which the plaintiff slipped and fell on icy steps and alleged that the defendant had committed several Building Code violations that created the dangerous condition." *Id.* at ¶ 17, citing *id.* "He urged us to hold that a violation of the Building Code constitutes negligence per se." *Id.*

{¶ 31} "In resolving the issue, we distinguished between duties arising from statutes, which reflect public policy, and duties arising from administrative rules, which are created by administrative agency employees who act to implement the General Assembly's public-policy decisions." *Id.* at ¶ 18, citing *id.* at 566-567. "'If

we were to rule that a violation of the [Building Code] (an administrative rule) was negligence per se, we would in effect bestow upon administrative agencies the ability to propose and adopt rules which alter the proof requirements between litigants.'" *Id.*, quoting *id.* at 568. "'Altering proof requirements is a public policy determination more properly determined by the General Assembly . . . .'" *Id.*, quoting *id.* at 568.

{¶ 32} "We also noted that there are innumerable administrative rules adopted each year and that it would be virtually impossible to comply with all of them." *Id.* at ¶ 19, citing *id.* "Applying negligence per se in this context would thus in effect turn those subject to administrative rules into insurers of third-party safety, something that violates the basic principle of the open-and-obvious doctrine." *Id.*, citing *id.* "'Only those relatively few statutes which this court or the General Assembly has determined, or may determine, should merit application of negligence per se should receive such status.'" (Emphasis sic.) *Id.*, quoting *id.*

{¶ 33} "For those reasons, we declined to extend negligence per se to administrative-rule violations, holding instead that such violations could be admissible as evidence of negligence, but nothing further." *Id.* at ¶ 20.

{¶ 34} In following precedent established by this court, other Ohio appellate courts, and the Supreme Court, Trevis's sole assignment of error is overruled, and we determine that the trial court did not err when it granted the appellees' motion for summary judgment. As previously stated, Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be

disregarded. Darkness is always a warning of danger, and for one's own protection it should not be disregarded.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
TIMOTHY W. CLARY, J., CONCUR