FAIN, A. K. A., ETC., PLAINTIFF-APPELLEE, *v.* H & F REALTY Co., INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26553.   Decided February 6, 1964.

Mr. *Alfred A. Frost* and Mr. *Sheldon L. Perry*, for plaintiff-appellee.

Messrs. *Ganger, Ganger, McNamee & Berkeley*, Mr. *Hugh McNamee* and Mr. *Jerome S. Berkeley*, of counsel, for defendant-appellant.

*Per Curiam.* This is an appeal upon questions of law from a judgment rendered by the Municipal Court of East Cleveland, Ohio, in an action based upon the alleged negligence of the defendant. The case was tried to the court without the intervention of a jury and resulted in a judgment rendered by the court in favor of plaintiff. Following the overruling of its mo-

tion, defendant perfected its appeal to this court, alleging fourteen assignments of error.

From a careful reading of the bill of exceptions of the testimony in this case, we conclude, and therefore hold, that the court committed prejudicial error in admitting testimony relative to the lighting in said common stairway over the objection of the defendant. There had been nothing in the petition pleaded with respect thereto, and there was thus injected into this trial a new basis for a claim of negligence of defendant, which the defendant could not have anticipated and could not be prepared to meet. Thereafter the court permitted plaintiff to amend her petition to conform to the proof.

We further conclude and hold that the court committed prejudicial error in rendering a judgment for the plaintiff since the record discloses that the proximate cause of plaintiff's fall and resultant injuries was a fall over, or as the result of, a single nail in one of the steps of the common or public stairway and the record demonstrates that there was no evidence whatsoever that the defendant had actual or constructive notice of such defect alleged by plaintiff to be the cause of her fall and resultant injuries.

We further conclude and hold that the court committed prejudicial error in receiving testimony relative to plaintiff's specification No. 2 of the petition wherein plaintiff alleged other defective conditions of the stairway which had no relation, even remotely, to the nail which plaintiff alleged caused her fall, such evidence being received over the objection of the defendant, and in refusing to strike said allegation of negligence on motion of the defendant.

We further conclude and hold that the court injected itself into the trial of this case by inquiry of the plaintiff's medical witness as to whether this plaintiff will require any medical treatment in the future and as to the expense thereof, whether she will require any future care, how long a period she will need additional care, all of which was over the objection of the defendant. Later the court permitted plaintiff to amend her petition to include allegations in conformity therewith. This we hold to be prejudicial error.

We have examined the bill of exceptions and conclude and

hold there are other errors apparent upon the record which we deem not prejudicial to the defendant and are, therefore, overruled.

As a consequence, the judgment is reversed as contrary to law and final judgment rendered for the defendant.

Judgment for the defendant.

Exceptions. Order see journal.

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.