YOUNG, APPELLANT, *v.* MAGER, APPELLEE.

(No. 2207—Decided August 21, 1974.)

*Mr. Ronald H. Gordon,* for appellant.
*Messrs. Miraldi & Barrett,* for appellee.

HUNSICKER, J. On December 18, 1973, a verdict was entered for Jack Young, in an action he had filed against Paul S. Mager. Young claimed that he fell and broke his ankle when the heel of his shoe caught in a hole on the back porch of a home owned by Mager, and occupied by three tenant families. Young said that he was thrown to the floor of the porch and had to extricate his leg from the hole

by pulling it away from the hole. Young, who had gone into the house an hour or so before leaving the building, had no difficulty and had never seen a hole on the porch in other visits to see his niece, who lived in an apartment on the second floor.

Young said that he had gone to the home of his niece (a daughter of his sister, Selma), in response to a call for help in unplugging a blocked or stopped toilet. Fannie Young, a sister of Jack Young, lived in the downstairs apartment.

The floor of the porch was wood, and it was about eight feet wide and twenty feet long. The roof had been removed by Mager, preparatory to building a smaller porch of concrete with no roof.

The evidence, as to the condition of the porch floor and the presence of a hole, is in great conflict. The testimony as to the location of a hole is uncertain, as testified to by Young and some of his witnesses. The record of testimony relates only that the hole was "here indicating," with no measurements given. The reader of the record is not able to see where the "indicating" is located. There is, however, some description of the location of the hole given by the witnesses. Young says that it was two steps or two feet from the entrance door.

Fannie Young first said that the hole was on the left side, then she said that it was on the right and not in the path between the door and the steps, maybe over a foot. Annie Charlton (Jack Young's girl friend and landlady) said that she saw the hole on the right side, two or three steps from the door and to the right of the steps. It was a small hole and the wood was rotten at the hole.

One Timothy Robinson testified that Jack Young, and the estranged husband of Selma Bailey, to whose apartment Jack Young had gone to unplug the toilet, had an altercation, and Young hurried out of the downstairs entrance and onto the porch. Robinson came to the Fannie Young home frequently because she was the mother of his child. He never saw a hole on the porch. Robinson took Jack Young first to Young's home to get Annie Charlton,

then they went to the hospital where it was learned that Jack Young had broken an ankle.

Upon a cross-examination of the medical clerk of the hospital to which Jack Young was taken, she stated that the medical record reads:

"The patient states that in the early morning he jumped off his porch onto the ground and he slipped and fell and twisted his ankle."

There is no testimony as to the length of time a hole may have existed on the porch. Mager denies that there was a hole there, or that he was ever told of such a condition by any tenant. Mager does admit that, after the occurrence detailed herein, he was told of a loose board, and found a board about twelve inches long, with nails protruding from it, near the edge of the porch, which board had been taken from the floor.

None of the tenants ever complained or told Mager of a defect in the porch, although he came to this apartment home three or four times a month. There is nothing to show actual or constructive knowledge on the part of the landlord, Mager, of a defective condition of the floor of the porch. There is only the slightest suspicion, raised herein because of the rebuilding of a smaller porch made of concrete, that the wooden porch floor was deteriorating.

As stated above, the jury rendered a verdict for Jack Young. Counsel for Paul S. Mager then filed a motion for a judgment notwithstanding the verdict, and, in the alternative, if such motion was denied, for a new trial. The trial court did grant the motion for a judgment notwithstanding the verdict, and provided in such judgment, as set out in Civil Rule 50(B), that, in the event the judgment notwithstanding the verdict were reversed, a new trial would be granted Paul S. Mager.

It is this judgment that is now brought to this Court by Jack Young, who contends that the trial court erred in the following respects:

"1. In granting judgment notwithstanding the verdict of the jury on the grounds of (a) that a defect existed and (b) whether defendant-appellee had actual or constructive notice of said defect.

"2. In granting a new trial if judgment for defendant-appellee is reversed."

There is a great amount of legal literature covering the subject of the liability of a landlord for premises not under his control but open to the use of all tenants of the rented premises.

The general rule is that a landlord out of possession and control is not ordinarily liable for the condition of the premises. *Burdick* v. *Cheadle*, 26 Ohio St. 393; *Shindelbeck* v. *Moon*, 32 Ohio St. 264; and *Brown* v. *Cleveland Baseball Co.*, 158 Ohio St. 1.

In a case in which the writer of this opinion participated—to wit: *Bowman* v. *Goldsmith Bros. Co.*, 63 Ohio Law Abs. 428—the rule was stated to be that a landlord retains possession and control over stairways, passageways, and approaches where the use of such approaches is necessary to gain access to the premises, unless there is evidence to the contrary. *Rice* v. *Ziegler*, 128 Ohio St. 239, and *Coventry Leasehold Co.* v. *Welker*, 43 Ohio App. 82. See, also, 49 American Jurisprudence 2d 769, Landlord and Tenant, Section 810, and the authorities there cited.

There is no evidence that Mager surrendered control of the porch, hallway, or other approaches to the three apartments in the building in question. There is also no evidence that Mager knew of any hole or other defect in the porch, or that any tenants told him about a loose board, hole, or other defect in the porch.

It has long been the general rule that to recover for an injury received from a defective condition of demised premises, as in the instant case, the burden is on the person injured to show that the landlord knew of the defective condition or, by the exercise of reasonable care, would have know of it. *Harmony Realty Co.* v. *Underwood*, 118 Ohio St. 576, at 579; *Fain* v. *H. & F. Realty Co., Inc.*, 95 Ohio Law Abs. 48, 196 N. E. 2d 135; 33 Ohio Jurisprudence 2d 471, Landlord and Tenant, Section 212; and 49 American Jurisprudence 2d 776, Landlord and Tenant, Section 815.

An annotation on the subject—"Landlord's liability for injury or death due to defects in exterior stairs, passageways, area or structures used in common by tenants"—

may be found in 26 A. L. R. 2d 468, and at page 570, Section 31, a collation of authorities on the subject of "Defects in floor of porch or platform, generally" is found.

The general rule, as announced in the cases cited, is as announced in Ohio, to wit: actual or constructive knowledge on the part of the landlord of the claimed defect causing the injury is necessary to render the landlord liable; either he must have knowledge of the defect or it must have existed for such a length of time that the landlord should have known of it.

It is the judgment of this court that the trial court did not commit error prejudicial to the substantial rights of the plaintiff (appellant), Jack Young, when it directed a judgment notwithstanding the verdict in favor of the defendant (appellee), Paul S. Mager.

*Judgment affirmed.*

VICTOR, P. J., and MAHONEY, J., concur.

HUNSICKER, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.