[Cite as *Rose v. Kent State Univ.*, 2011-Ohio-1432.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARJORIE E. ROSE, et al.

    Plaintiffs

    v.

KENT STATE UNIVERSITY

    Defendant
    Case No. 2010-01239

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On January 28, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On March 7, 2011, plaintiffs filed a response with leave of court. The motion is now before the court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} According to the complaint, plaintiff, Marjorie E. Rose (hereinafter "plaintiff"), enrolled in an educational program at defendant's "Geauga Twinsburg Center," located at 8997 Darrow Road, Twinsburg, Ohio. Plaintiff, who is disabled and uses crutches to ambulate, alleges that on the first day of class, she slipped and fell on a ramp at the rear entryway of the premises. Plaintiff brings this claim for negligence, alleging that defendant failed to properly maintain the ramp.

{¶ 5} Defendant contends that the city of Twinsburg owns the building where the Geauga Twinsburg Center is located, that defendant leases only a portion of the space within the building, and that the ramp where plaintiff fell is located in a common area outside the building, which defendant has no duty to maintain. In response, plaintiff concedes that the ramp is in a common area outside the leased premises, but she argues that defendant had a duty under the lease to ensure that the building afforded "adequate access for disabled individuals" in compliance with all applicable laws and regulations.

{¶ 6} Liability in tort for injuries arising from the defective condition of property is dependent upon occupation or control of the premises. *Mitchell v. Cleveland Elec. Illuminating Co.* (1987), 30 Ohio St.3d 92, 94. That is, "in order to have a duty to keep premises safe for others, one must be in possession and control of the premises." *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 132, 1995-Ohio-203. With respect to premises liability in a landlord-tenant relationship, a landlord thus "has the duty to exercise reasonable care to maintain the parts of the premises retained in his control for the common use of the tenants in a reasonably safe condition." *Stitch-In-Time, Inc. v. Kreisher* (May 1, 1975), Franklin App. No. 75AP-14. "[A] landlord retains possession and control over stairways, passageways, and approaches where the use of such

approaches is necessary to gain access to the premises, unless there is evidence to the contrary." *Young v. Mager* (1974), 41 Ohio App.2d 60, 63.

{¶ 7}  In support of its motion, defendant submitted the affidavit of John Granny, who is employed by defendant as a business services administrator.  Therein, Granny states that the building which houses the Geauga Twinsburg Center is a former school owned by the city of Twinsburg.  According to Granny, the city of Twinsburg has leased a portion of the building to defendant since 2003, another portion is leased to the United Auto Workers, and the city of Twinsburg retains the gymnasium portion of the building for use as a community theater.  Granny states that the ramp where plaintiff fell is "a common entrance for use by all tenants and occupants of the building, as well as their patrons."

{¶ 8}  In his affidavit, Granny also authenticates an attached copy of the lease agreement that defendant and the city of Twinsburg executed in 2003.  According to Granny, the agreement was renewed several times and remained in effect at the time of plaintiff's fall.  The agreement states, in part:

{¶ 9}  "1.)                              **Demised premises.**  LESSOR demises the entire second floor of the structure owned by LESSOR at the intersection of St. Rts. 91 and 82 and known as the Old School.

{¶ 10} "2.)                              **Term and Rent.**  LESSOR demises the above premises for a one (1) year period.  In consideration of renovations to be accomplished by LESSEE during the first year of the term, no further rent shall be payable for the first year of the term. * * * It is specifically determined that the demised area consists of 4,200 square feet.

{¶ 11} "* * *

{¶ 12} "9.)                              **Care and Maintenance of Interior Premises.** LESSOR and LESSEE intend to cooperate in the renovation and repair of the interior of the demised premises as set forth above.  LESSEE shall be responsible for all cleaning and maintenance of the demised premises during occupancy of same.

{¶ 13} "* * *

{¶ 14} "11.)  **Ordinance and Statues [sic].**  LESSEE and LESSOR shall comply with all statues [sic], ordinances and requirements of all municipal, state and federal authorities now in force, or may hereinafter be in force, pertaining to the premises, occasioned by or affecting the use thereof by LESSEE."

{¶ 15} Upon review of the memoranda and supporting materials submitted by the parties, the only reasonable conclusion to draw is that the ramp where plaintiff fell was a common approach to the building for the use of all tenants and occupants, and that the city of Twinsburg thus retained possession and control of the ramp.  The lease conferred possession and control of only a portion of the building to defendant, and the lease provided that defendant was responsible for repairing and maintaining only that portion of the building.

{¶ 16} With respect to plaintiff's argument that paragraph 11 of the lease required both defendant and the city of Twinsburg to comply with all laws pertaining to the premises, such a broad and general provision as this "merely confirms what the law requires of all persons: compliance with the law."  *Currier v. Penn-Ohio Logistics*, 187 Ohio App.3d 32, 2010-Ohio-198, ¶40.  This provision did not bind defendant to any specific duty or obligation concerning a common area outside the leased premises, and it does not support plaintiff's claim of negligence.

{¶ 17} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

CLARK B. WEAVER SR.

Case No. 2010-01239 - 5 - ENTRY

Judge

cc:

John P. Reichley                        Katya Vyhouskaya
Assistant Attorney General              701 West Lakeside Avenue, Suite 402
150 East Gay Street, 18th Floor         Cleveland, Ohio 44113
Columbus, Ohio 43215-3130

RCV/cmd
Filed March 14, 2011
To S.C. reporter March 22, 2011