[Cite as *Person-Thomas v. Quilliams-Noble Apartments, L.L.C.*, 2015-Ohio-4277.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102625**

# PASHA PERSON-THOMAS

PLAINTIFF-APPELLANT

vs.

# QUILLIAMS-NOBLE APARTMENTS, L.L.C., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823857

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 15, 2015

**ATTORNEY FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Alan S. Levine
Levine & Levine
55 Public Square, Suite 1200
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEES**

Victoria D. Barto
Law Office of Stephen J. Proe
The Genesis Building
6000 Lomardo Center, Suite 42
Seven Hills, Ohio 44131

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, Pasha Person-Thomas ("appellant"), appeals from the trial court's judgment granting summary judgment to defendants-appellees, Quilliams-Noble Apartments L.L.C. and KRI Properties, Inc. (collectively "appellees"). Because we conclude that appellant failed to present evidence sufficient to raise a question of fact as to appellees' prior knowledge of an alleged defective condition, we affirm.

{¶2} The record reveals the following. On November 21, 2013, appellant arrived at the Quilliams-Noble Apartments, unannounced and uninvited, intending to make a surprise visit to her then-boyfriend, Ron Jackson, a tenant at the apartment complex, located in Cleveland Heights. Appellant walked up the back entry stairs, approached a locked, exterior door, and knocked three times on one of the glass panes in the door. On the third knock, the glass shattered, injuring her wrist and arm.

{¶3} Appellant filed suit against appellees, alleging that appellees were negligent for allowing the door to contain glass of a quality that was in violation of the Ohio and city of Cleveland Heights' building codes. Appellees subsequently filed a motion for summary judgment, which the trial court granted. This appeal followed.

{¶4} In her single assignment of error, appellant contends that the trial court erred in granting summary judgment to appellees on her claims for negligence and violation of the Landlord-Tenant Act.[1]

---

[1]Appellees contend that appellant's complaint did not properly assert a claim for violation of

A.      Standard of Review

**{¶5}**      An appellate court reviews a trial court's decision on a motion for summary judgment de novo.   *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).   Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**{¶6}**      The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims.   *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).   After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact for trial.   *Id.*

B.      Common-Law Negligence

**{¶7}**      A common-law negligence claim requires a showing of (1) a duty owed, (2) a breach of that duty, and (3) an injury proximately caused by the breach.   *Texler v. D.O.*

---

the Landlord-Tenant Act, and thus the claim should not be considered.   We need not resolve this issue because the claim fails in any event.

*Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman*, 117 Ohio App.3d 544, 549, 690 N.E.2d 1332 (8th Dist.1997). Determination of whether a duty exists is a question of law for the court to decide and is therefore a suitable basis for summary judgment. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶8} The parties argue about the duty owed by appellees to appellant, claiming that this determination should be based upon the common-law classifications of invitee, licensee, and trespasser under the law of premises liability. Appellant contends that she was an invitee[2] because — although her visit to Jackson was to be a surprise — Jackson was her boyfriend, at one time she had a key to his apartment, and apartment owners receive an economic benefit by allowing even uninvited guests onto the property to visit tenants. Appellant contends that as an invitee, appellees owed her an ordinary duty of care to ensure that the premises were reasonably safe, including a duty to affirmatively inspect the premises to discover possible unknown dangerous conditions.

{¶9} Appellees contend that appellant was a licensee[3] because Jackson had not invited her to visit. They claim that because appellant was a licensee, they owed her no duty except to refrain from wantonly or willfully causing injury. *Id.*

---

[2]A person who comes on the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).

[3]A person who enters the premises of another by permission or acquiescence, for his own

{¶10} Neither party's position is correct. The decision announced by the Ohio Supreme Court in *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 644 N.E.2d 291 (1994), *approved*, *Mann v. Northgate Investors L.L.C.,* 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.2d 594, is controlling on the issue of the degree of care that a landlord owes to a guest of a tenant. In resolving this issue, the *Shump* court rejected the theory that the common-law distinctions between invitee, licensee, and trespasser are dispositive in these cases. The court held that those classifications determine the legal duty that a *tenant* owes to a guest on the property, but do not affect the legal duty that a *landlord* owes a tenant or others lawfully upon the leased premises. *Id.* at 417. "A landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." *Id.* at the syllabus.

{¶11} Although at early common law landlords owed no duty to tenants, courts and legislatures have carved out various exceptions that give rise to landlord liability. *Id.* at 418. These exceptions include concealment or failure to disclose known, latent defects; defective premises under the landlord's control; failure to perform a covenant to repair; breach of a statutory duty; and negligent performance of a contractual or statutory duty to repair. *Id.*

{¶12} Nevertheless, a landlord is not an insurer of the safety of others. *Sikora v. Wenzel*, 88 Ohio St.3d 493, 499, 727 N.E.2d 1277 (2000) (Resnick, J., concurring). "In cases 'where negligence revolves around the question of the existence of a hazard or

_____

pleasure or benefit and not by invitation. *Id.*

defect,' notice, either actual or constructive, of the hazard or defect is a prerequisite" to a landlord's duty. *Waugh v. Lynch*, 8th Dist. Cuyahoga No. 100432, 2014-Ohio-1087, ¶ 10, quoting *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984). *See also Odom v. Davis*, 4th Dist. Athens No. 02CA43, 2003-Ohio-3316, ¶ 17.

C.      The Landlord-Tenant Act

{¶13} Under R.C. 5321.04(A), a landlord who is a party to a rental agreement shall (1) comply with the requirements of all applicable building, housing, health, and safety codes; (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; and (3) keep all common areas of the premises in a safe and sanitary condition.

{¶14} A landlord's violation of the duties imposed by this statute constitutes negligence per se. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 23, citing *Sikora*. However, a landlord will be excused from liability under the Landlord-Tenant Act, "if he neither knew nor should have known of the factual circumstances that caused the violation." *Id.* at the syllabus.

D.      Notice

{¶15} Accordingly, as discussed above, to find appellees liable under either a common law negligence claim or the Landlord-Tenant Act, appellant must demonstrate that appellees had notice that the quality of the glass in the exterior door was hazardous.

{¶16} In their motion for summary judgment, appellees pointed to evidence that established that they purchased and began managing the apartment complex on July 8,

2013, only four months prior to the incident involving appellant. The evidence further established that in those four months, appellees never had to repair or replace any window in an exterior door on the property. Further, appellees never received a request to repair or replace any window at the premises, and prior to appellant's injury, they had no knowledge of any other incident at the premises involving broken glass.

{¶17} The evidence also established that during the purchasing process, the property was inspected by the city of Cleveland Heights Housing Inspection Department. The city issued appellees a 34-page certificate of inspection that detailed numerous building code violations relating to the interior and exterior of the property. None of the violations identified any issues with the glass in any of the exterior doors, however, and the city inspector did not note or require that any glass in any exterior door be replaced for being hazardous or out of code. In light of this evidence, appellees argued that they had neither actual nor constructive notice that the glass in the exterior door presented any hazard.

{¶18} In her brief in opposition to appellees' motion for summary judgment, appellant argued that appellees were negligent per se for violating the Landlord-Tenant Act. She pointed to her expert's report, attached to her brief, in which her expert concluded, upon inspecting the property after the accident, that the glass that shattered was not glass able to withstand human contact, as required by the Ohio Building Code, but merely ordinary plate glass. Appellant argued that the hazard was therefore open and obvious and thus, liability should be imposed for appellees' violation.

{¶19} With respect to her common law negligence claim, appellant argued that appellees had actual knowledge of the alleged unsuitable quality of glass because they were responsible for its hazardous condition. She argued further that there was a genuine issue of material fact regarding whether appellees had constructive notice of the hazardous condition of the glass because they had the burden of demonstrating they had a proper hazard-inspection program, and had not produced any evidence of an inspection program.

{¶20} Our de novo review of the record demonstrates that appellant failed to meet her burden of demonstrating that appellees had either actual or constructive knowledge prior to appellant's injury that the glass in the exterior door was hazardous. First, appellant produced no evidence whatsoever that appellees had actual knowledge of the alleged defect. She produced no evidence of any prior complaints about the glass to appellees, nor any evidence that any windows had previously shattered or been replaced by appellees. Her assertion that appellees had actual knowledge of the allegedly unsuitable quality of the glass because they were responsible for its hazardous condition is without merit. The evidence is undisputed that appellees purchased the apartment complex after the premises had been constructed; appellant produced no evidence that appellees had any involvement with the construction of the premises.

{¶21} Likewise, appellant produced no evidence that appellees had constructive knowledge of the allegedly unsuitable quality of glass in the window. In order to show that a landlord had constructive notice, an injured plaintiff must show that the defect

existed for such a length of time that the landlord, by exercising reasonable care, should have discovered it. *Waugh v. Lynch*, 8th Dist. Cuyahoga No. 100432, 2014-Ohio- 1087 at ¶ 10, citing *Young v. Mager*, 41 Ohio App.2d 60, 63-64, 322 N.E.2d 130 (9th Dist.1974).

**{¶22}** As evidence that appellees should have discovered that the glass was unsafe, appellant points to her expert's report, wherein the expert opined that

> the glazed door panels of this door have remained unchanged and glazed with merely single panes of ordinary breakable plate or float glass for a period of successive years. Throughout that entire time, the property owner/manager has frequented and maintained the property. The property owner/manager therefore knew or should have known that those panes violated the OBC, and presented a safety hazard and risk to both tenants and visitors.

**{¶23}** In light of this report, appellant contends that the hazardous condition "did not appear overnight," and would have been identified if appellees had put in place a reasonable inspection program.

**{¶24}** We do not find the expert's opinion sufficient to create an issue of material fact regarding whether appellees had constructive notice of the allegedly unsuitable quality of the glass. First, the expert opined that appellees knew or should have known the window panes presented a safety hazard because they had "frequented and maintained the property" "for a period of successive years." This assertion was obviously incorrect because appellees purchased and began managing the property only four months before appellant was injured.

**{¶25}** Furthermore, the expert report did not identify any defective condition that appellees would have discovered upon inspection. The report did not state that the glass in the exterior door (or any other door on the property) was chipped, broken, cracked, or hanging loosely in the frame; it stated only that the unbroken glass was unsafe because it might break if enough force were exerted upon it. Thus, appellant's expert did not point to any observable condition of the glass that would have alerted appellees upon inspection that the glass was a hazard. Indeed, if there were an unsafe condition with the glass that could have been discovered upon a reasonable inspection, the inspection by the city of Cleveland Heights' building inspector — who is trained to identify unsafe conditions and building code violations — would certainly have identified such unsafe condition. But despite identifying numerous other such conditions at the apartment complex, the point of sale inspection did not identify *any* hazards relating to the glass in the exterior doors.

**{¶26}** In fact, appellant testified that there was no hazard to find. She said that the glass was not chipped or cracked immediately before she knocked on the window, and that upon her other visits to Jackson, she had never seen broken glass in this door or any other exterior door in the complex. In addition, she had never reported any concerns about the glass to appellees.

**{¶27}** Appellant argues, however, that appellees' failure to demonstrate that they had a reasonable inspection program creates a genuine issue of material fact regarding whether they had constructive notice the glass was hazardous. We disagree. The Landlord-Tenant Act does not impose an affirmative duty on a landlord to inspect the

premises to find prospective dangers or code violations. *Mandelbaum v. Smith*, 8th Dist. Cuyahoga No. 101888, 2015-Ohio-1035, ¶ 17. Thus, appellees' alleged failure to inspect (which appellees dispute) is not relevant to appellant's Landlord-Tenant claim.

{¶28} With respect to appellant's common law negligence claim, under Civ.R. 56, once a moving party shows there is no genuine issue of material fact, the burden shifts to the opposing party to set forth specific facts by the means listed in Civ.R. 56(C) showing there is a genuine issue of material fact for trial. *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 510 N.E.2d 1095 (1991), paragraph three of the syllabus. Appellees presented evidence that they had no prior notice of any defect. Appellant attempts to overcome appellees' evidence by arguing that appellees would have discovered the alleged defect if they had conducted reasonable inspections, and their failure to produce evidence of such inspections indicates they should be charged with constructive notice of the defect. But appellant cannot prove that appellees had constructive notice by impermissibly shifting the burden of proof to appellees. She has the burden of demonstrating through acceptable Civ.R. 56(C) evidence that appellees should have discovered the alleged defect but failed to do so because they did not make reasonable inspections. Appellant produced no such evidence, however, and thus has not demonstrated a genuine issue of material fact regarding whether appellees had constructive notice of the alleged hazard.

{¶29} Moreover, appellant produced no evidence demonstrating that appellees would have discovered the alleged hazard even if they had conducted regular inspections.

It can hardly be argued that appellees would have identified as unsafe a condition the building inspector did not even mention as a hazard.

{¶30} In short, appellant produced no evidence that prior to appellant's injury, appellees had notice, either actual or constructive, that the glass in the exterior door posed a hazard. "[I]t is basic hornbook law that in the absence of actual or constructive knowledge, a landlord is not liable." *Sikora v. Wenzel*, 88 Ohio St.3d at 499, 2000-Ohio-406, 727 N.E.2d 1277. Accordingly, the trial court did not err in granting summary judgment to appellees, and appellant's assignment of error is overruled.

{¶31} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR