[Cite as *Roundtree v. Byrd*, 2024-Ohio-5511.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| LATOHSHA ROUNDTREE | : | |
| | : | |
| Appellant | : | C.A. No. 30169 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 03863 |
| | : | |
| SYLRETHA BYRD, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 22, 2024

. . . . . . . . . . .

T. TOD MOLLAUN, Attorney for Appellant

RAY C. FREUDIGER, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Plaintiff-Appellant Latosha Roundtree appeals from the judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Defendant-Appellee Larkspur Drive Trust. For the reasons that follow, the judgment of

the trial court will be affirmed.

### I. Facts and Procedural History

{¶ 2} According to the complaint, on August 27, 2020, Roundtree was working as a federal census worker and visited the house at 4104 Larkspur Drive in Dayton. At the time, Larkspur Drive Trust ("Larkspur") was the owner and/or manager of the property, and Amber Brooks rented it. When Roundtree entered the yard, "a vicious dog was let out of the house" and, while fleeing from the animal, Roundtree stepped in a hole in the yard, injuring herself. She claims that, as a result, she has "endured permanent physical injuries causing pain and suffering and other non-economic harm." She also alleges the incident led to various medical expenses and lost wages.

{¶ 3} Roundtree filed her lawsuit on August 26, 2022, but a second amended complaint – which is the operative one here – was filed on June 1, 2023. As pertinent to this appeal, the complaint alleged negligence and negligence per se claims, asserting that Larkspur had failed to keep the property in a habitable condition. Larkspur moved for summary judgment on August 28, 2023, and then filed an amended motion on October 3. in one of her responses, Roundtree also moved for partial summary judgment.

{¶ 4} The trial court granted Larkspur's motion for summary judgment in its entirety. It found that the lessee, Brooks, had been responsible for maintaining the front yard in a safe manner, so R.C. 5321.04(A)(1) did not support the negligence per se claim. The trial court also found that the negligence per se claim as to R.C. 5321.04(A)(2) was not viable because an alleged hole in a front yard is not the type of hazard that renders a premise uninhabitable. Finally, as to the common law negligence claim, the court found

that the claim must fail because Larkspur did not have notice of the alleged defect in the yard.

{¶ 5} Roundtree has filed a timely appeal.

**II.      Negligence**

{¶ 6} In her assignment of error, Roundtree makes two main arguments. First, she alleges that the trial court should not have granted Larkspur's motion for summary judgment because the landlord was negligent per se for violations of R.C. 5321.04(A)(1) and (A)(2). Second, she believes the trial court erred in finding that Larkspur was not negligent under the common law.

{¶ 7} Pursuant to Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates that there is (1) no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 22 (2d Dist.).

{¶ 8} "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). *Accord Geloff v. R.C. Hemm's Glass Shops, Inc.*,

2021-Ohio-394, ¶ 14 (2d Dist.). When the standard is met, summary judgment must be awarded as a matter of law. We review the trial court's ruling de novo. *Martcheva v. Dayton Bd. of Edn.,* 2021-Ohio-3524, ¶ 35 (2d Dist.).

<u>Negligence Per Se</u>

**{¶ 9}** In general, to establish an actionable negligence claim, one seeking recovery must show (1) the existence of a duty of care; (2) the breach of the duty; and (3) that as a direct and proximate result of the breach, the plaintiff was injured. *Strother v. Hutchinson,* 67 Ohio St.2d 282, 285 (1981). Whether a duty exists is a question of law. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

**{¶ 10}** More specifically, a landlord's violation of duties imposed by R.C. 5321.04(A)(1) or (A)(2) constitutes negligence per se, but a landlord "will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation." *Sikora v. Wenzel*, 88 Ohio St.3d 493 (2000), syllabus; *Shroades v. Rental Homes*, Inc., 68 Ohio St.2d 20, 25 (1981). That statute states:

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition

R.C. 5321.04(A)(1)-(2).

{¶ 11} To show a violation of R.C. 5321.04(A)(1), Roundtree asserts that Larkspur violated City of Dayton Ordinance Section 93.26(E). It provides:

Every owner of a dwelling shall be responsible for the provision of all facilities, utilities, services, or conditions required by this chapter for dwelling or rooming units and premises, ***except where such responsibility is assumed by an operator or occupant by written agreement***. Such responsibility shall include, but not be limited to, the following:

. . .

(E) Maintaining driveways, terrace steps, yard walks, fences, yard cisterns, and all exterior premises free of objects, materials, or conditions which create a health, safety, or fire hazard or which is a public nuisance.

(Emphasis added.) Dayton Cod.Ord. 93.26(E). It is Roundtree's contention that, based on the language of the ordinance, Larkspur must ensure that "the property should be free of conditions that create hazards to health and safety." Appellant's Brief at 7. Although there is no question that the property must be kept safe, it is the renter's responsibility to do so based on the lease agreement.

{¶ 12} At the end of Brooks's lease agreement, there was a "Rules and Regulations" section that laid out what she could and could not do as a renter of the Larkspur property (Exhibit A). In addition to regulating noise levels and prohibiting the changing the locks, the document required that Brooks "[m]aintain the premises in a clean, safe, sightly, and sanitary condition at all times at [her] expense" and "maintain the

outside of the property in a clean, safe [and] sanitary manner. Lawn must be mowed, trimmed and all flower beds maintained." Further, Brooks repeatedly testified at her deposition that *she*, not Larkspur, was responsible for the upkeep and safety of the yard. Brooks Depo Tr. at 38, 39, 43, 45, 51. Because responsibility was assumed in a written agreement by Brooks, R.C. 5321.04(A)(1) and Dayton Cod.Ord. 93.26(E) do not support Roundtree's negligence per se claim.

{¶ 13} As to R.C. 5321.04(A)(2), Roundtree argues that the alleged hole in the yard created a condition that was a risk to health or safety. R.C. 5321.04(A)(2) requires landlords to "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a **fit and habitable** condition . . ." (Emphasis added.) Ohio courts, including this one, have held that to violate this statute, the conditions of the property must be extreme, rendering the place "uninhabitable." *Aldridge v. Englewood Village, Ltd.*, 1987 WL 15015, *3 (2d Dist. July 22, 1987). "Fitness and habitability entails such defects as lack of water or heat, faulty wiring, or vermin infestation." *Id. Accord Cipollone v. Hoffmeier*, 2007-Ohio-3788, ¶ 22 (1st Dist.) (R.C. 5321.04(A)(2) requires the defects in the premises to be so substantial as to amount to constructive eviction); *Wilmoth v. Akron Metro. Hous. Auth.*, 2016-Ohio-3441, ¶ 21-22 (9th Dist.) ("serious deprivations of basic needs or threats to the tenant's health or safety" are required); *Wenzke v. Baird*, 2014-Ohio-3069, ¶ 18-20 (6th Dist.) (warranty is one of habitability).

{¶ 14} With the standard for habitability being so high, the alleged six-inch deep hole in the yard in this case did not render the property unfit or uninhabitable. *See also Dabe v. M.K. Hufford Co., Inc.*, 2022-Ohio-2802 (2d Dist.) (defect in the sidewalk not of

such a type that would render the premises unfit or uninhabitable under the statute); *Wochele v. Veard Willoughby Ltd. Partnership*, 2017-Ohio-8807 (11th Dist.) (cinderblock on lawn that plaintiff tripped over did not render the premises uninhabitable); *Wilmoth* (sloped walkway with nonstandard curb height did not violate the requirement of fitness and habitability). The trial court did not err when it granted summary judgment to Lakespur on the negligence per se claims.

Common Law Negligence

{¶ 15} To establish a claim for negligence, "one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 (1984). At common law, the landlord must exercise reasonable care to keep the premises in a reasonably safe condition. *Carter v. Forestview Terrace, L.L.C.,* 2016-Ohio-5229, ¶ 15 (8th Dist.). He or she also must warn of latent or concealed defects and defective premises under his or her control. *Id.* at ¶ 16. A landlord cannot be held liable for negligence unless he knew "both the source of the danger and of the fact that the defect was dangerous." *Hanson v. Knoppe*, 2019-Ohio-5393, ¶ 25 (5th Dist.). Actual or constructive notice is a prerequisite to the landlord's duty. *Id.*

{¶ 16} Roundtree does not argue that Larkspur had actual knowledge of the alleged hole, but instead, that it would have known of it had it inspected the property.

{¶ 17} In *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414 (1994), the Ohio Supreme Court held that "[a] landlord owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant." *Id.* at syllabus.

Those duties have been codified in the Landlord-Tenant Act, R.C. 5321.04. The Act, though, "does not impose an affirmative duty on a landlord to inspect the premises to find prospective dangers or code violations." *Person-Thomas v. Quilliams-Noble Apts., L.L.C.*, 2015-Ohio-4277, ¶ 27 (8th Dist.). In this case, although there was conflicting evidence that there even *was* a hole (Brooks testified that she did not dig a hole, was unaware that there was a hole, and was not able to confirm that a picture of a hole was even from her property), there was no evidence that Larkspur had known about it if there was one. Therefore, the trial court did not err by granting summary judgment in favor of Larkspur as to the common law negligence claim. The assignment of error is overruled.

### III.    Conclusion

**{¶ 18}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.